# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv152

| | |
|---|---|
| FRANK W. PHILLIPS, JR. and wife, VIVIEN PHILLIPS; MITCHELL LUMBER COMPANY, INC.; MARTHA PHILLIPS, widow; TONI RUTH SMITH and husband, WESLEY CHAD SMITH; and RUFFIN PHILLIPS AYERS and husband, ROGER ELLIS AYERS, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> TERRI HOPE DUGAS; IRENE W. CAIN; JUDY EDMONDS RIGGINS and husband RUSSELL LEWIS RIGGINS; MICHAEL J. BIRCH and wife, FRANCES J. BIRCH; VAN S. BOYD and wife, PATRICIA ANN BOYD; JOSEPH K. HALL and wife, GLORIA B. HALL; ANTHONY M. MILICI and wife, SELENA MILICI; and the U.S. DEPARTMENT OF AGRICULTURE FOREST SERVICE, <br><br> Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motions for Default Judgment [Docs. 16, 17, 18, 19].

## I. BACKGROUND

The United States of America, on behalf of its agency the United States Department of Agriculture, United States Forest Service ("USFS"), removed the present civil action to this Court on June 22, 2011, following the filing of an Amended Complaint naming the USFS as a defendant in an action then pending in the Superior Court for McDowell County, North Carolina. [Doc. 1]. The removal of this action was authorized by 28 U.S.C. § 1442(a)(1), which allows removal to the District Court of an action which names as a defendant the United States or any agency thereof. In support of its Notice of Removal, the United States filed copies of the Civil Summons and Amended Complaint with which it was served. [See Doc. 1-1, 1-2].

The Plaintiffs allege that they are the owners of undivided fractional interests in a tract of land containing approximately 841 acres (the "841-acre tract") located in North Cove Township, McDowell County, North Carolina. [Amended Complaint, Doc. 1-2 at ¶¶ 4, 9, 10, 11]. The Plaintiffs assert that the only means of ingress, egress, and regress for their property is a 30-foot-wide private, unpaved road known as Old Yellow Mountain Road. [Id. at ¶ 2, 5]. The Plaintiffs bring suit against adjoining property owners Terri Hope Dugas ("Dugas") and Irene W. Cain ("Cain"), alleging that since October 2009,

2

Dugas and Cain have wrongfully prevented the Plaintiffs and their assignees from utilizing Old Yellow Mountain Road as a means of accessing their 841-acre tract. [Amended Complaint, Doc. 1-3 at ¶¶ 68, 77]. The Plaintiffs therefore seek damages and injunctive relief against Dugas and Cain. [Id., Prayer for Relief]. The Plaintiffs also seek a judicial determination that the Plaintiffs have the absolute legal right to ingress, egress, and regress over Old Yellow Mountain Road. [Id.].

The Plaintiffs further allege that Judy and Russell Riggins, Michael and Frances Birch, Van and Patricia Boyd, Joseph and Gloria Hall, Anthony and Selena Milici, and the USFS are property owners who also utilize Old Yellow Mountain Road as a means of accessing their respective properties. [Amended Complaint, Doc. 1-2 at ¶¶ 21, 24, 27, 31]. The Plaintiffs specifically state in the Amended Complaint that they "**have no conflict**" with these parties, that the Plaintiffs "**assert no claims against**" them, and that the Plaintiffs "**fully respect and honor [their] property rights and easement rights**." [Id. at ¶¶ 23, 24, 26, 30, 36, 38 (emphasis in original)]. Nevertheless, the Plaintiffs state that they have named these parties as "technical Defendants" in this case because their respective properties are also served by Old Yellow Mountain Road. [Id.].

3

Defendants, Dugas, Cain, and the USFS have filed Answers to the Amended Complaint. [Docs. 2, 3, 4]. While they have filed no formal pleadings, Defendants Michael and Frances Birch submitted a letter to the Clerk of the McDowell County Superior Court in response to being served with the Summons and Amended Complaint. [Doc. 7]. The remaining Defendants -- Judy and Russell Riggins, Van and Patricia Boyd, Joseph and Gloria Hall, and Anthony and Selena Milici (hereinafter, the "Defaulting Defendants") -- have not appeared in this action. The Clerk of Court entered default against these Defendants on September 14, 2011. [Docs. 12, 13, 14, 15].

The Plaintiffs now moves for the entry of default judgments against the Defaulting Defendants. [Docs. 16, 17, 18, 19]. Defendants Dugas and Cain object to the Plaintiffs' Motions. [Doc. 20].

## II. ANALYSIS

Before addressing the substance of the Plaintiffs' Motions for Default Judgment, the Court must first address the propriety of the entries of default made against the Defaulting Defendants. Entry of default is proper where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In the present case, the Amended Complaint does not clearly seek "a judgment or affirmative relief"

4

against the Defaulting Defendants. The Plaintiffs repeatedly state throughout the Amended Complaint that they "have no conflict" with these Defendants and "assert no claims against" them, and that the Defaulting Defendants were named as "technical" parties to the action simply due to the fact that they also access their respective properties via Old Yellow Mountain Road. [Id. at ¶¶ 23, 24, 26, 30, 36, 38]. The Amended Complaint, therefore, does not make clear that the Plaintiffs intend to seek any type of "judgment or affirmative relief" from these Defendants. The fact that the Plaintiffs now are pursuing the entry of default judgments against these Defendants resolves any ambiguity regarding the Plaintiffs' intent; clearly, the Plaintiffs intend to seek affirmative declaratory relief with regard to and adverse to these Defendants. Because such intent is not evident from the Amended Complaint, however, the Court finds the entries of default to have been allowed improvidently. The Court therefore will vacate the entries of default and allow these Defendants an opportunity to answer or otherwise respond to the Amended Complaint.

The Plaintiffs have not sought an entry of default as to the Defendants Michael and Frances Birch. The Birches filed a letter *pro se* with the Superior Court Clerk in response to being served with the Amended Complaint. [Doc. 7]. To date, however, the Birches have not filed an answer to the Amended

5

Complaint or sought dismissal of the claims against them. In light of the ambiguous nature of the Amended Complaint, the Court will also allow these Defendants the opportunity to answer or otherwise respond to the Plaintiffs' claims.

**The Court hereby advises Defendants Judy and Russell Riggins, Michael and Frances Birch, Van and Patricia Boyd, Joseph and Gloria Hall, and Anthony and Selena Milici that the Amended Complaint seeks affirmative declaratory relief against them. If these Defendants wish to defend against this action, they must file an answer to the Amended Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure or otherwise seek dismissal of this action pursuant to Rule 12 of the Federal Rules of Civil Procedure. The Defendants are further warned that failure to answer or otherwise respond may result in the entry of a default judgment against them.**

The entries of default having been vacated as improvidently granted, the Plaintiffs' Motions for Default Judgment are rendered moot. Even if the entries of default had been made properly, however, the Court would still deny the Plaintiffs' requests for the entry of default judgments. The Court may enter a final judgment as to one of multiple defendants in a civil action following an

express finding that "there is no just reason for delay." Fed. R. Civ. P. 54(b). "The avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide just reason" for delaying the entry of a final judgment by default. See Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D. Va. 2000) (internal quotation marks omitted).

In the present case, the Plaintiffs seek a declaratory judgment to the effect that they have "an absolute legal right to ingress, egress and regress over Old Yellow Mountain Road all the way from Peppers Creek Road to their 841-acre tract...." [See Doc. 1-3, Amended Complaint, Prayer for Relief]. The Plaintiffs' rights to an easement over the private road cannot be determined piecemeal; either the Plaintiffs have the right to an easement over all of the affected properties or they do not. Entry of a default judgment against some of the Defendant property owners at this stage in the proceedings, therefore, could result in inconsistent declarations of the Plaintiffs' rights.

Moreover, the Plaintiffs make no allegation in the Amended Complaint that the Defaulting Defendants' properties are affected in any way by their claim of a prescriptive easement. Accordingly, the entry of a default declaratory judgment against the Defaulting Defendants regarding the

7

Plaintiffs' rights to an easement over lands *owned by others* would have no basis in fact or law. For these reasons, the Court denies the Plaintiffs' Motions for Default Judgment.

Finally, the USFS has indicated that there are additional documents from the state court proceedings that should be submitted to the Court, including the initial Complaint, the Defendants' answers and counterclaims, a third party complaint, and an answer from a third party defendant.[1] The USFS is instructed to file these additional documents within seven (7) days of the entry of this Order.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Clerk's Entry of Default as to Defendants Anthony M. Milici and wife, Selena Milici [Doc. 12] is hereby **VACATED** and these Defendants shall file an answer or otherwise respond to the Plaintiffs' Amended Complaint within twenty-one days of the entry of this Order.

---

[1] The USFS brought this issue to the Court's attention by way of a filing entitled "Praecipe." [Doc. 22]. This filing was stricken by the Magistrate Judge on November 9, 2011, due to its failure to comply with the Federal Rules of Civil Procedure. [Doc. 24]. For reasons unknown to the Court, the USFS has never attempted to re-file a corrected version of this pleading.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default as to Defendants Joseph K. Hall and wife, Gloria B. Hall [Doc. 13] is hereby **VACATED** and these Defendants shall file an answer or otherwise respond to the Plaintiffs' Amended Complaint within twenty-one days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default as to Defendants Van S. Boyd and wife Patricia Ann Boyd [Doc. 14] is hereby **VACATED** and these Defendants shall file an answer or otherwise respond to the Plaintiffs' Amended Complaint within twenty-one days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default as to Defendants Judy Edmonds Riggins and husband, Russell Lewis Riggins [Doc. 15] is hereby **VACATED** and these Defendants shall file an answer or otherwise respond to the Plaintiffs' Amended Complaint within twenty-one days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Defendants Michael J. Birch and Frances J. Birch shall file an answer or otherwise respond to the Plaintiffs' Amended Complaint within twenty-one days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff's Motions for Default Judgment [Docs. 16, 17, 18, 19] are **DENIED**.

**IT IS FURTHER ORDERED** that within seven (7) days of the entry of this Order, the USFS shall file any additional pleadings from the state court proceedings which heretofore have not been included in this Court's record.

**IT IS SO ORDERED**.

Signed: April 24, 2012

Martin Reidinger
United States District Judge